IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | | |
|---|---|---|
| JOHN WILLINK, | ) | CV 12-74-BU-DLC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BOYNE USA, INC. and | ) | |
| DOES I through V, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Defendant Boyne USA, Inc. moved for a judgment on the pleadings with respect to Count II of Plaintiff John Willink's complaint. (Doc. 8.) Plaintiff does not oppose the motion and it will be granted. Defendant's request for attorney's fees for violation of the Local Rules will be denied.

Defendant requests attorney's fees for Plaintiff counsel's violation of Local Rule 7.1(c)(1) in relation to Plaintiff's motion to remand and Defendant's motion for judgment on the pleadings. Local Rule 7.1(c)(1) requires a party to contact opposing counsel prior to filing a motion and indicate whether any party objects to

the motion.  Defense counsel contacted Plaintiff's counsel via email prior to filing its motion for judgment on the pleadings regarding Count II and asked whether Plaintiff would object to the motion.  Plaintiff's counsel did not respond to the inquiry; instead, Plaintiff's counsel asked whether Defendant would object to a motion to remand.  Defense counsel responded that it would object if the motion was based on timeliness of removal, because controlling case law clearly held that Defendant's removal within 30 days of service was timely.  Defense counsel attached a Montana District Court decision supporting its position.  Plaintiff's counsel never indicated whether he objected to the motion for judgment on the pleadings, so Defendant filed its motion.  Plaintiff then responded to the motion by stating that he had chosen not to pursue his strict liability theory under Count II and does not oppose the motion.

     While Defense counsel's frustration with the proceedings to date in this matter is understandable, Plaintiff counsel's actions do not warrant sanctions pursuant to Local Rule 1.1(c) for violation of the Local Rules.  There is no indication Plaintiff's counsel acted in bad faith in filing its motion to remand–in fact, he complied with Local Rule 7.1(c)(1) by indicating in his motion that Defendant objected to the motion.  (Doc. 6 at 2.)  The fact that all parties could have been saved time and corresponding attorney's fees if Plaintiff's counsel had

heeded the law provided by Defense counsel does not amount to conduct requiring sanctions.  Similarly, Plaintiff's counsel was dilatory in failing to respond to Defendant regarding the motion for judgment on the pleadings.  However, as there is no indication of bad faith or an ongoing and intentional violation of the Local Rules, as in *Peterson v. Time Ins. Co.*, 2012 WL 1755166 (D. Mont. 2012), attorney's fees will not be awarded in this case.  Accordingly,

IT IS ORDERED that Defendant's motion for judgment on the pleadings regarding Count II of Plaintiff's complaint (doc. 8) is GRANTED.  Count II of Plaintiff's complaint is DISMISSED.  Defendant's request for attorney's fees is DENIED.

Dated this 29th day of January, 2013.

_____
Dana L. Christensen, District Judge
United States District Court