IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JOHN WILLINK, | CV 12–74–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| BOYNE USA, INC., | |
| Defendant. | |

Defendant Boyne filed a motion in limine to exclude evidence of the amount billed for Plaintiff Willink's past medical expenses. (Doc. 23.) Mr. Willink has brought a negligence claim against Boyne for injuries he sustained at Big Sky Resort in Montana on March 28, 2010. (Doc. 3.) It is undisputed that the amount billed for Mr. Willink's medical expenses is lower than the amount Medicare actually paid, which his medical providers accepted as payment in full[1]. In the motion now before the Court, Boyne contends that: (1) since the most Mr. Willink

---

[1] Boyne asserts that Mr. Willink incurred $59,678.60 in actual charges, which Medicare reduced to $24,104.46. (Doc. 24 at 2.) Mr. Willink states that Boyne did not include medical charges for 2011 in its figures, and that the actual charges amount to $59,822.60, which Medicare reduced to $24,757.30. (Doc. 25 at 3.) The Court need not address this discrepancy at this time, since these figures have no bearing on this motion.

1

can recover is the reduced amount paid by Medicare and accepted by his medical providers as payment in full, (2) evidence of and arguments or references to the amount billed is irrelevant and must be excluded pursuant to Federal Rule of Evidence 402; and (3) even if such evidence was relevant, it should be excluded under Federal Rule of Evidence 403, because its probative value would be substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury. (Doc. 24 at 1-2). Mr. Willink opposes the motion. (Doc. 25.)

## MOTION IN LIMINE STANDARD

Courts have "wide discretion" in considering and ruling on motions in limine. *Trichtler v. Co. of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004). But a Court will grant a motion in limine and exclude evidence only if the evidence is "inadmissible on all potential grounds." *BNSF Ry. v. Quad City Testing Laboratory, Inc.*, 2010 WL 4337827 at *1 (D. Mont. 2010) (citations and internal quotation marks omitted). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* (citations and internal quotation marks omitted). "This is because although rulings on motions in limine may save time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Id.*

2

**LIMITATION ON MR. WILLINK'S RECOVERY**

The threshold issue here is whether Mr. Willink's recovery is limited to the reduced amount that Medicare actually paid for his past medical expenses, as opposed to the amount that was originally billed.

The Court's jurisdiction over this matter is based on diversity of citizenship under 28 U.S.C. § 1332. "The source of substantive rights enforced by a federal court under diversity jurisdiction . . . is the law of the States." *Guar. Trust Co. of N.Y. v. York*, 326 U.S. 99, 112 (1945). Under Montana law, compensatory damages are awarded to "redress the concrete loss that a plaintiff has suffered by reason of a defendant's wrongful conduct." *Seltzer v. Morton*, 154 P.3d 561, 600 (Mont. 2007). "The law of torts works to ensure that an award of damages restores an injured party as near as possible to the party's pre-tort position - no better, no worse." *Lampi v. Speed*, 261 P.3d 1000, 1004 (Mont. 2011). Accordingly, under Montana law, proper damages in a non-contract action "is the amount which will compensate for all the detriment proximately caused thereby whether it could have been anticipated or not." MCA § 27-1-317.

Plaintiff cites several cases supporting its claim that Mr. Willink's recovery will be limited to the amount paid, including *Conway v. Benefits Health System*, 297 P.3d 1200 (Mont. 2013), *Newbury v. State Farm Fire & Casualty Insurance*

*Co.*, 184 P.3d 1021 (Mont. 2008), and *Chapman v. Mazda Motor of America, Inc.*,

7 F.Supp.2d 1123 (D. Mont. 1998). Of these, *Chapman* is the most similar to the

instant case. In *Chapman*, plaintiff sought to admit evidence of medical bills in

excess of what Medicaid actually paid to the plaintiff's medical providers. In

addressing limitation of damages, this Court stated:

> "[If the] jury award includes not only the actual amount
> paid under medicaid but also the disallowed medical
> expenses, the award would have to be reduced.
> Nonetheless, the issue at this juncture is whether the Court
> should permit evidence on damages (disallowed medical
> expenses) that Chapman is not entitled to recover."

7 F. Supp. 2d 1123, 1125 (D. Mont. 1998). Thus, this Court recognized that

plaintiffs are not entitled to recover damages in excess of the amount actually paid.

*Newbury* and *Chapman*, while not directly on point, both support the proposition

that Mr. Willink's recovery is limited to the amount Medicare actually paid to

cover past medical expenses, since any additional damages based on the amount

billed would constitute an impermissible windfall.

Mr. Willink does not contest Boyne's assertion that his recovery is limited

to the amount actually paid. On the contrary, the thrust of Mr. Willink's argument

is that if the jury award damages in excess of the permissible amount, the judge

may reduce the award at a subsequent hearing pursuant to MCA § 27-1-308.

Montana law and this Court's precedent supports Boyne's claim, which Mr. Willink does not contest, that Mr. Willink's recovery is limited to the amount actually paid by Medicare.

## RELEVANCE

Federal Rule of Evidence 402 states that irrelevant evidence is inadmissible. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable that it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Boyne argues that since Mr. Willink will not be able to recover the amount billed for past medical expenses, evidence regarding that figure is irrelevant because it has "no bearing on Plaintiff's purported damages or any other fact that is of consequence to determining this action," and should therefore be deemed inadmissible. (Doc. 26 at 3.) Mr. Willink does not directly address the relevance issue in his response brief.

In *Chapman*, Judge Molloy held that:

> While the amounts of disallowed medical expenses are not relevant to prove damages for past medical loss, it does not follow that the evidence of medical expenses is irrelevant for all purposes. For instance, Chapman says evidence of total medical bills is admissible "to show the jury the severity and the extent of her injuries." I agree. Even if medical expenses were disallowed by medicaid, the

5

> documentation for such expenses presumably lists the
> medical procedures and treatments dispensed. They may
> bear on the necessity of future needs and provide a
> foundation for a life care plan. They are relevant to prove
> the nature and extent of Chapman's injuries. Evidence of
> cost for the complete range of treatment and care dispensed
> in past medical treatment may be relevant to future medical
> care and expenses required.

7 F. Supp. 2d 1123, 1125 (D. Mont. 1998).

*Chapman* is distinguishable from the case at bar in two significant ways.
First, the plaintiff here has failed to advance any argument as to why evidence of
the amount billed is relevant. Second, the Court's determination in *Chapman* was
based not only on the plaintiff's arguments, but on the nature of the injury and the
likely need for future medical care, since a car accident in that case rendered the
plaintiff paraplegic. Mr. Willink does not claim that he has any ongoing medical
care needs, nor does he predict any future medical expenses. Additionally, the
undisputed evidence demonstrates that he has made a "relatively good recovery"
and has been able to ski over 200 times since he underwent surgery. (Doc. 24-5 at
2-3.) Put simply, the facts do not implicate, and Mr. Willink does not assert, the
type of future medical needs that caused the *Chapman* court to find that the
evidence of past medical bills was in fact relevant.

Mr. Willink does not advance and the Court sees no grounds on which,

6

given its determination that recovery is limited to the amount actually paid, this evidence may be deemed relevant. Accordingly, evidence of past medical bills in excess of the actual amount Medicare actually paid is inadmissible pursuant to Federal Rule of Evidence 402.

## CONCLUSION

Since Mr. Willink's recovery is limited to the amount that Medicare actually paid to satisfy his past medical bills, evidence of the amount billed is irrelevant, and thus inadmissible pursuant to Federal Rule of Evidence 402. Accordingly, the Court need not address Boyne's argument raised under Federal Rule of Evidence 403. Mr. Willink's claim that Medicare allows people in his situation to recover double the amount that Medicare paid is not properly before the Court at this time.

IT IS ORDERED that Defendant Boyne USA, Inc.'s motion in limine to exclude evidence of the amount billed for Plaintiff's past medical expenses (Doc. 23) is GRANTED.

Dated this 23rd day of October, 2013.

Dana L. Christensen, Chief District Judge
United States District Court