IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JOHN WILLINK,<br><br>        Plaintiff,<br><br>vs.<br><br>BOYNE USA, INC.,<br><br>        Defendant. | CV 12–74–BU–DLC<br><br>ORDER |

Before the Court is Plaintiff John Willink's motion for partial summary judgment. Willink contends that American National Standards Institute ("ANSI") standard B77.1 applies to this matter, and moves the Court to rule on three specific duties B77.1 imposes upon Defendant Boyne as a matter of law. The Court will deny the motion for the reasons explained below.

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 28, 2010, John Willink was injured attempting to unload from the Shedhorn chairlift at Big Sky Resort, which is owned by Boyne, USA. Willink filed this negligence action in the Montana Eighteenth Judicial District Court, and Boyne removed it to this Court in October, 2012. Willink alleges negligence on

1

three bases. First, that Boyne failed to construct the lift unload ramp in accordance with safety standards, in that it was not fitted with an inclined guard. Next, that Boyne's employee failed to stop the lift when a passenger in front of Willink fell on the ramp, thus creating a hazardous situation. And finally, that the lift's unload area does not comply with applicable standards regarding the positioning of emergency stop controls. The parties dispute many of the facts surrounding the March 28, 2010 incident on the Shedhorn lift that resulted in Mr. Willink's injury.

Willink now moves the Court for a ruling that ANSI B77.1 is the source of the legal duties Boyne owed to him, and asks the Court to interpret ANSI B77.1 as a legal standard to determine what those specific duties are. Willink argues that because interpreting ANSI B77.1 presents a question of law, expert opinion or interpretation is improper.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of informing the Court of the basis for its motion and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a

2

genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).

The movant's burden is satisfied when the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Where the moving party has met its initial burden, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248 (internal quotation marks omitted).

## ANALYSIS

In their discovery and trial preparation to date, both parties have relied heavily on ANSI B77.1 as the primary source of safety standards governing the ski industry generally, and Big Sky specifically. The significance of ANSI B77.1 as a safety standard in this case is apparent. In his motion, Willink raises the stakes, asking the Court to recognize ANSI B77.1 as law, and to interpret the duties imposed by that standard as a matter of law, thereby obviating the need for any expert testimony on this subject.

Thus, the lynchpin issue is whether interpreting the ANSI standard presents a question of law. Willink claims that it does, basing his argument on the fact that both parties agree ANSI B77.1 applies to this matter, and that experts for both

3

sides agree that it provides the applicable minimum safety standards. Willink cites Boyne's expert, Jon Mauch, at some length: "ANSI B77.1 has been adopted unanimously by all US authorities including state regulators and the National Forest Service. It is the governing standard for all ski lifts operated in the United States. It applies to the lifts operated in Montana and Big Sky. . . ." (Doc. 30 at 4.) While Mr. Mauch's statement helps establish the ubiquity and applicability of the standard, it does not endow the Court with the authority to interpret that standard as a matter of law.

Since this case is before the Court on diversity jurisdiction, the Court will apply the laws of the State of Montana. *See Erie R.R. Co. v. Thompkins*, 304 U.S. 64, (1938). As both parties acknowledge, MCA § 23-2-734 establishes the relevant duties of a ski area operator:

> A ski area operator shall construct, operate, maintain, and repair any passenger ropeway. An operator has the duty of taking responsible actions to properly construct, operate, maintain, and repair a passenger ropeway in accordance with current standards.

Willink equates the admittedly ubiquitous ANSI B77.1 standard and the "current standards" mandated by the Legislature, thus interpreting § 23-2-734 as implicitly subsuming the ANSI B77.1 standard into state law. The Court is not prepared to make this leap, especially given the lack of support Willink offers for

4

his position. The fact that the parties agree that ANSI B77.1 constitutes the primary source of ski industry minimum standards does not make B77.1 law, nor the definitive source of duties that this Court must determine as a matter of law.

Despite Willink's protestations, the Montana Supreme Court case of *Lynch v. Reed*, 944 P.2d 218 (Mont. 1997) addresses and helps to resolve the issue at bar. In *Lynch*, the court faced the question of whether the district court erred in excluding employment safety regulations, including ANSI, from trial. The Court clarified the admissibility of industry standards, establishing a two part test:

> 1) a code or standard sought to be admitted for the purpose of "conclusively determining the standard of care imposed by a defendant" must have been adopted by a governmental agency so as to have the force of law; 2) where a code or standard does not have the force of law, it may nevertheless be admitted as substantive evidence of negligence if it is coupled with a showing of general acceptance in the industry concerned.

Although neither party here contests the admissibility of the ANSI standard, the *Lynch* test is not limited to admissibility – it also addresses the weight courts must assign to industry standards, depending on whether or not the standard in question has been adopted by a government agency. Because Willink has not presented evidence that ANSI B77.1 has been adopted by any government agency, the Court may not use it to conclusively determine the standard of care here.

Under Montana law, "expert testimony is required to establish the standard of care unless the conduct complained of is readily ascertainable by a lay person." *Weaver v. State*, 310 P.3d 495, 503 (Mont. 2013) (quotations omitted). Whether or not a chairlift complies with current standards – which admittedly include ANSI B77.1 – in terms of construction and operation is not readily ascertainable to a lay person. Plaintiffs' assertion that ANSI B77.1 alone constitutes the source of Boynes's duties, and that expert testimony is improper is undermined by the fact that Willink utilizes expert testimony when making his arguments as to what specific duties the Court should determine as a matter of law. This is precisely the type of situation in which expert testimony is appropriate to assist in determining the applicable standard of care.

Given its decision not to interpret the standard of care required here as a matter of law based on ANSI B77.1, the Court need not address the arguments Willink advances as to the specific duties he would like the Court to find. The Court recognizes but will not address the issues of fact Boyne raises, as they are not relevant to the instant motion and will be resolved at trial.

## CONCLUSION

IT IS ORDERED that Plaintiff John Willink's motion for summary judgment (Doc. 29) is DENIED.

Dated this 17th day of December, 2013.

_____
Dana L. Christensen, Chief District Judge
United States District Court